IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **ENRIQUE LONA-VELASQUEZ,**<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　　Respondent. | **ORDER**<br><br>Case No.  1:07CV151DAK |

　　　　This matter is before the court on Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence by an Inmate in Federal Custody under 28 U.S.C. § 2255.  On March 15, 2007, Petitioner, as part of a plea agreement, pled guilty to a violation of 8 U.S.C. § 1326, re-entry of a previously removed alien.  Petitioner's defense counsel moved for a downward departure under 18 U.S.C. § 3553, and the court granted the motion, departing two levels down.  Petitioner was sentenced to 30 months imprisonment with 24 months of supervised release.

　　　　As part of the plea agreement, Petitioner "knowingly, voluntarily and expressly" waived his right to challenge his sentence "in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."  In the Tenth Circuit, a defendant will be held to the terms of a lawful plea agreement. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998).  The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks.  *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack

rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). The record indicates that Petitioner did knowingly and voluntarily sign and agree to the terms of the Plea Statement, and is therefore bound to the terms agreed upon.

There is an exception to the waiver rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183. However, Petitioner's motion is based on due process and equal protection. Petitioner does not assert ineffective assistance of counsel and appears to have no basis for doing so. The record indicates that Petitioner's counsel sought and obtained a two level downward departure.

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE.

DATED this 9th day of November, 2007.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge